**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **DOUGLAS JEROME HARMON** **CHRISTINE RENNA HARMON** | CASE NO. 19-01424-TLM |

### TRUSTEE'S MOTION TO RECONSIDER DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Motion to Reconsider pursuant to Bankruptcy Rule 9023, states as follows:

1. The Debtor filed for Chapter 13 relief on December 5, 2019.

2. Although the case was proceeding towards confirmation, on April 17, 2020 after the covid-19 pandemic started, Debtors filed a voluntary motion to dismiss. The case was dismissed on Debtors' motion on April 28, 2020.

3. Prior to dismissal Debtors made payments to the Trustee totaling $2412. After Trustee's fees were deducted pursuant to 11 USC Section 586(e), Trustee had the sum of $2178.03 on hand.

4. Counsel for Debtors filed a fee application pursuant to LBR 2016 (e) requesting attorney's fees for work performed in the amount of $1839. Trustee filed Response indicating she was not opposed to the application and requesting that Trustee be allowed fees on the

distribution. Counsel for the Debtors agreed and an order was submitted to the court authorizing Trustee to pay the balance due on attorney's fees in the amount of $1839 subject to Trustee's fees.

5. Despite Trustee's agreement with Debtors' Counsel, the court struck the provision in the proposed order indicating that the disbursement was subject to Trustee's fees. In a footnote the Court noted that the language in the order is inconsistent with *In re Evans*, 2020 WL 739258 (Bankr. D. Idaho Feb 13, 2020) and *In re Leal*, 20-00068-TLM.

6. The Court is aware that an appeal is pending on the Court's ruling in *Evans* and further notes that the *Leal* decision was an oral ruling made the same date thus not yet appealed. While Trustee would like to appeal the decision in *Leal*, Trustee notes that there is no written decision from which to appeal, the Court's order fails to state that Trustee is not entitled to fees on her disbursements, and Trustee failed to adequately brief the issue on which to make a record. Any appeal in the *Leal* case would have to be based on a transcript of the Court's decision which only relied on the *Evans* decision which trustee contends is incorrect.

7. Trustee respectfully requests an opportunity to fully brief and argue her position before this honorable court to attempt to remedy the matter at least before this Court. Trustee's brief in support of her motion to reconsider is being filed contemporaneously with this motion.

WHEREFORE, the trustee respectfully requests that this court reconsider the denial of trustee's fees on disbursements made by the trustee in cases dismissed or converted prior to confirmation and find that the decision of the Court *In re Evans*, 2020 WL 739258 upon which it based its ruling was incorrect.

DATED: June 16, 2020

      /s/ Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JOHN O. AVERY
Attorney at Law
joa@averylaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

DOUGLAS JEROME HARMON
CHRISTINE RENNA HARMON
2333 N. PAWNEE LANE
BOISE, ID 83704

    /s/  Kathleen McCallister
**Kathleen McCallister**