**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**DOUGLAS JEROME HARMON**<br>**CHRISTINE RENNA HARMON** | CHAPTER 13<br><br>CASE NO. 19-01424-TLM |

### TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and files this Brief in Support of her Motion to reconsider the Court's Order disallowing fees on funds disbursed in cases dismissed prior to confirmation.

### ARGUMENT

The Court's ruling *In re Evans*, 2020 WL 739258 (Bankr. D. Idaho Feb 13, 2020) which is the basis of this Courts denial of Trustee's fees on disbursements being made in cases dismissed prior to confirmation is incorrect and consequently this Court's decision to not allow Trustee fees on disbursements is in error. A standing trustee is entitled to receive a percentage fee under section § 586(e) of title 28 on all plan payments received from the chapter 13 Debtor up to a statutory maximum whether or not a plan is confirmed before the case is dismissed or converted. Section

1326(a)(2) of title 11 does not restrict the fee the trustee receives under 28 U.S.C. § 586(e) because the trustee's percentage fee falls outside the scope of 11 U.S.C. § 1326(a)(2).

### Title 11 and Title 28:  From the Act to the Code, the United States Trustee, § 586, and the Trustee's Fee

As part of the Bankruptcy Reform Act of 1978, Congress established a pilot program that became the United States Trustee Program.[1]  Prior to the enactment of the Bankruptcy Code, bankruptcy judges appointed the trustees in their districts to oversee the different chapters under the Bankruptcy Act.  Among the various responsibilities re-delegated to the United States Trustee Program was the appointment of Chapter 13 trustees.  On October 1, 1979, the United States Trustee Program became an operational pilot project in 18 districts and under the Bankruptcy Act of 1986, it became a permanent fixture in the bankruptcy system.[2]

The 1986 Act also repealed former § 1302(e), which provided for the Chapter 13 trustee's compensation.[3]  The former section established that when a court appointed a standing trustee, that individual's compensation was set at a maximum amount and allowed a percentage fee not to exceed 10%, to allow for compensation and the actual, necessary expenses incurred.  It permits the trustee to collect the percentage fee for all payments under plans in which the individual served as standing trustee.

It is important to note that under the Bankruptcy Reform Act of 1978, the standing Chapter 13 trustee system is self-funded and does not rely upon any government funds.[4]  In other words,

---

[1] Bankruptcy Reform Act of 1978, P.L. 95-598, 92 Stat. 2549 (1978).
[2] Bankruptcy Judges, United States Trustees, and Family Farmers Bankruptcy Act of 1986, P.L. 99-554, 100 Stat. 3088 (1986).
[3] For a brief history on the changes created from the Bankruptcy Act to the Bankruptcy Code, and the Chapter 13 trustee, United States Trustee Program, and the Trustee's fees, see, e.g., *In re Savage*, 67 B.R. 700 (D. R.I. 1986); *In re Burkhart*, 94 B.R. 724 (Bankr. N.D. Fla. 1988).
[4] See, e.g., *In re Hankins*, 62 B.R. 831, 832 (Bankr. W.D. Va. 1986).

those who use the bankruptcy system pay for the service. The trustee is not a government employee[5] and does not run a for-profit business.

The 1986 Bankruptcy Act also created 28 U.S.C. § 586, which addresses the governance of the Chapter 13 trustee's appointment, supervision, fee establishment, compensation, expense allowance, addressing excess compensation, and dispute resolution. Thus, all matters related to the Chapter 13 trustee system were moved out of Title 11 and placed into Title 28.

Specifically, 28 U.S.C. § 586(a)(3) provides that the United States trustee shall supervise the administration of cases and trustees in cases under Chapter 13.[6] Section 586(b) states that when the number of cases warrants it, the United States trustee may, with the Attorney General's approval, appoint standing trustees. Further, § 586(e)(1) establishes that the Attorney General, after consulting with the United States trustee, shall fix the standing trustee's compensation and percentage fee.

In relation to the trustee collecting his percentage fee, the 1986 Act made an adjustment to the language of the 1978 Act. To-wit, § 586(e)(2) changed from "[the trustee] shall collect such percentage fee from all payments <u>under</u> plans in the cases under chapter 13" to the standing trustee "shall collect such percentage fee from all payments <u>received by</u> such individual under plans in the cases under Chapter 12 or 13 of title 11 for which such individual serves as standing trustee."

It goes on to state that if the trustee collects more than permitted, the excess is turned over to the United States trustee for deposit into the Unites States Trustee System Fund. 11 U.S.C. § 586(e)(2). This latter provision is the only place in either Title 11 or Title 28 that specifically addresses the trustee turning over any fees received.

---

[5] See, e.g., *Kuchan v. Heston*, 143 B.R. 768 (W.D. Wash. 1992).
[6] See also H.R. Rep. No. 595, 95th Cong., 1st Sess. 109 (1977), reprinted in 1978 U.S.C.C.A.N 6070 to 6071.

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**                     Page 3

The District Court in *In re Nardello*, concluded that "[t]he plain language of Section 586 directs the standing trustee to collect a percentage fee based on 'all payment received' by the trustee and this language makes payment of the percentage fee mandatory."[7]  After analyzing § 586(e)(2) and the relevant parts of § 1326, the court concluded that "[i]t is clear that the percentage fee is distinct from payments to creditors and that Section 1326(a)(2) is silent as to whether the trustee's percentage fee shall be returned when a plan is unconfirmed.  Because the percentage fee is separate and apart from payments to creditors, Section 1326(a)(2) does not require that it be returned to the debtor."[8]

Title 28 is the sole provision that deals with the Chapter 13 trustee's operation. Section 586(e) is specific, unambiguous, mandatory, and stands on its own: the trustee shall collect his percentage fee from all payments received.  It does not limit Trustee's fees to cases in which a chapter 13 plan is ultimately confirmed.  To the contrary, section 586(e)(2) directs the standing trustee to collect the percentage fee "from all payments received by" the trustee in plans in the cases in which trustee serves.  Plan confirmation is not required in that provision.  There is no reference to whether the plan has been confirmed or not.

### § 1326(a)(2) Does not Address Trustee Compensation so it does not Restrict the Amount a Standing Trustee Receives Under 28. U.S.C. § 586(e)

The *Evans* Court erred in finding that § 1326(a)(2) does not allow Trustee her statutory fee in cases dismissed before confirmation.  Notwithstanding § 586's clarity and single-minded focus on all administrative matters as it relates to standing trustees, the Court erroneously latched on to the notion that 11 U.S.C. § 1326(a)(2) addresses the trustee's fee.  The final sentence in that specific provision states,

---

[7] 514 B.R. 105, 111 (D.N.J. 2014).
[8] Id., at 113.

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**                                                      Page 4

inter alia, "If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." *11 U.S.C. § 1326(a)(2)*. The error in relying upon that sentence within § 1326(a)(2) can be found within the subsection itself.

First, the provision the Court relies upon is focused strictly on payments to creditors: "payments not previously paid and not yet due and owing to creditors." The standing trustee is not a creditor; the provision does not apply to the trustee's percentage fee. In addition, the trustee's percentage fee does not fall within the scope of § 1326(a)(2), as it is not a payment proposed by a plan.[9] This is supported by a reading of §§ 1322 and 1325, which address the permissive plan treatments and mandatory plan requirements, and the Trustee's percentage fee is not mentioned in either Code provision. The trustee's percentage fee is a payment required by statute under 28 U.S.C. § 586(e).

Even if one would apply this 1326(a)(2) sentence to the trustee's percentage fee, the funds have already been "paid" to the trustee. Some courts equate the term "collect" in § 586(e)(2) to "merely being held, such that it can still be returned to the debtor."[10] However, redefining the term "collect" in such a manner is unnatural and is contrary to its interpretation by the Supreme Court and even within the Bankruptcy Code itself.[11] Furthermore, as noted above, the trusteeship is not

---

[9] See, e.g., *Pelofsky v. Wallace*, 102 F.3d 350, 356 (8th Cir. 1996); *In re Edge*, 122 B.R. 219, 221 (D. Vt. 1990); *In re Turner*, 168 B.R. 882, 887 (Bankr. W.D. Tex. 1994).

[10] See, e.g., *In re Acevedo*, 497 B.R. 112, 122 (Bankr. D.N.M. 2013).

[11] See, e.g., *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (relying on Black's Law Dictionary 263 (6th ed. 1990) that "[t]o collect a debt or claim is to obtain payment or liquidation of it."). See also 11 U.S.C. § 101(14A)(D) ("collecting the debt"); § 362(a)(6) (automatic stay prohibits "any act to collect, assess, or recover a claim"); § 507(a)(1)(B) ("collecting the debt"); § 507(a)(8)(C) ("a tax required to be collected or withheld"); § 507(a)(8) (last paragraph) ("collecting a tax"); § 524(a)(2) (discharge enjoins "an action, the employment of process, or an act to collect, recover or offset any such debt"); § 524(g)(1)(B) (discharge enjoins "legal action for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery"); § 524(i) ("the act of the creditor to collect"); § 1301(a) ("a creditor may not act…to collect all or nay part of a consumer debt" from a codebtor); § 1302(d)(1)(A)(i) ("collecting child support"); § 1326(d)(1) (chapter 7 trustee's "compensation…is payable and may be collected by the trustee.").

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**                    Page 5

a for-profit business, the funds collected in cases are used to maintain the trust operation on a daily and monthly basis.

Second, Code provisions should not be read in isolation. Accordingly, one can look at § 1326(b). This subsection provides that "**before** or at the time of each payment to creditors under the plan, there **shall** be paid … (2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28[.]" (emphasis added)  Thus, not only does another part of § 1326 address the timing of the trustee collecting his fee, which permits it before making payments to creditors, but it also reiterates the compulsory language about the trustee's percentage fee found in § 586(e) and it specifically references § 586(e). Reading these two statutes in concert creates harmony as they dovetail into each other; thus, allowing both provisions to be given meaning without discarding either discounting or augmenting the language of either provision.

Looking at the canons of statutory construction, the Trustee's interpretation should prevail. A basic principle to interpret a statute begins with its language[12] and that each word is given its plain meaning[13] unless literal application would be at odds with the manifest intent of Congress, a literal application of the language would produce an absurd result, or the statute is ambiguous.[14] Whether a statute is ambiguous is determined "by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole."[15]  If a statute is ambiguous, a court may "look beyond the statute itself to its legislative history and

---

[12] E.g., *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989).
[13] E.g., *Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004).
[14] E.g., *Hartford Underwriters Ins. Co. v. Union Planters Bank*, N.A., 530 U.S. 1, 6 (2000).
[15] E.g., *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

common usage of subject terms for guidance as to interpretation, as well as the context in which they are used."[16]

In addition, a statute should not be construed in a way that renders some of its terms surplusage.[17] Further, when statutory provisions conflict, absent a clearly expressed congressional intent to the contrary, one gives effect to all the provisions.[18] If they cannot be reconciled, the more specific governs over the more general.[19]

The *Nardello* court found that interpreting § 586 to include the trustee's percentage fee harmonizes the meaning of § 586 with § 1326.[20] The court recognized that the only part of § 1326 that addresses the trustee's percentage fee is under subpart (b) and that it permits the fee to be taken *before* payments to creditors.[21] The court found that reading § 1326(a) otherwise renders the mandatory language in § 586 meaningless,[22] and that even the courts that support that intrepreation find their own results "not totally satisfying" and "based on a somewhat unnatural reading of the first sentence of § 586(e)(2)."[23]

The *Nardello* court also concluded that § 1326 was inapplicable in this situation and that § 586 mandates payment of the trustee's percentage fee is case dismissed before confirmation.[24] Further, the court identified the 1986 addition of "received" in § 586, as well as Congress adding

---

[16] E.g., *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997).
[17] E.g., *Duncan v. Walker*, 533 U.S. 167, 174 (2001).
[18] E.g., *Morton v. Mancari*, 417 U.S. 535, 550 (1974).
[19] E.g., *Busic v. U.S.*, 446 U.S. 398, 406 (1980).
[20] *Nardello*, *supra*, at 113.
[21] *Id.*
[22] *Id.*, at 114.
[23] *Id.*, citing *In re Acevedo*, 497 B.R. 112, 124 (Bankr. D. N.M. 2013).
[24] *Id.*, at 114.

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**        Page 7

the § 1326(a) requirement that debtors make payments to the trustee prior to confirmation as further support for its conclusion.[25]

Whether one reads § 1326 as a whole in isolation from the rest of the Code, or in conjunction with § 586, it is clear that the trustee receives his fee, regardless of whether the plan is confirmed or not. In fact, these two Code sections read together support each other. Section 586(e) mandatorily provides for the trustee to received his fee from all payments received and § 1326(b) also with compulsory language, provides for the trustee's fee and gives the option for the fee to be taken before or at the time of payment to creditors.

A limited number of courts have addressed this issue; some have agreed that the trustee retains the fee when a case is dismissed prior to obtaining confirmation,[26] while others have ruled the opposite.[27] Accordingly, there is no singular interpretation of § 1326. Nonetheless, § 1326(b) explicitly identifies the primacy of § 586 as the source of the trustee's percentage fee. Furthermore, the Idaho Plan form required to be used in this district provides in paragraph 4.2 Trustee's Fees that "Trustee's fees are governed and paid as provided by 28 U.S.C. § 586." This is because Section 586 controls Trustee's fees, not Section 1326.

### The Language of 11 U.S.C. § 1226 Does Not Warrant a Deviation from Interpreting 28 U.S.C. § 586 as the Guiding Force on the Chapter 13 Trustee's Fee

The *Evans* Court erred in finding that since the language in § 1226(a)(2) expressly allows a chapter 12 Trustee to take her fees in unconfirmed cases and section § 1326(a) is silent that

---

[25] *Id.*, at 114-115.
[26] *In re Nardello*, 514 B.R. 105 (D.N.J. 2014); *In re Sheedy*, No. 10-16236 (Bankr. D. Mass. March 11, 2016) (Doc. 101); *In re Antonacci*, No. 08-23349 (Bankr. D. Nev. Dec. 27, 2011) (Doc. 171); *In re Cryder*, No. 11-56676 (Bankr. S.D. Ohio June 15, 2012) (Doc. 68).
[27] *In re Miranda*, 285 B.R. 344 (10th Cir. BAP 2001) (unpublished); *In re Evans*, 2020 WL 739258 (Bankr. D. Idaho 2020); *In re Crespin*, 2019 WL 2246540 (Bankr. D.N.M. 2019); *In re Lundy*, 2017 WL 4404271 (Bankr. N.D. Ohio 2017); *In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014); *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013);

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**                              Page 8

Chapter 13 trustees are not entitled to fees in cases dismissed prior to confirmation. However, there are underlying differences between the chapters that support the different language used between these Code sections and does not detract from the Trustee's position in the case in chief. Initially, § 1226(a) specifically addresses trustee compensation in a dismissed case by stating that "[i]f a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting…(2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee."

First, § 1326(a)(2), by its terms, applies only to "payments" to the trustee "proposed by the plan." See 11 U.S.C. § 1326(a)(2) (referring to "payments[s] made under paragraph (1)(A)" of section 1326(a)); 11 U.S.C. § 1326(a)(1) (referring to "payments…in the amount-(A) proposed by the plan."). Section 1226(a), however, is broader in scope. Section 1226(a) tells the trustee how to treat all "[p]ayments and funds received by the trustee," not just those proposed by the plan. 11 U.S.C. § 1226(a). Thus, although the chapter 12 trustee's percentage fee is outside the scope of § 1226(a)(2) as explained above, it falls within the broader scope of § 1226(a) because the fee comprises part of the "[p]ayments *and funds* received by the trustee." 11 U.S.C. § 1226(a). Therefore, specific clarification that the standing trustee receives the fee in the event no plan is confirmed is appropriate in § 1226(a), but it is unnecessary in § 1326(a)(2), which neither addresses nor affects the standing trustee's collection of percentage fees under 28 U.S.C. § 586(e).

Second, all Chapter 13 debtors are required to make pre-confirmation payments under their proposed plans, however, Chapter 12 debtors do not have to make preconfirmation payments unless by court order.[28] Furthermore, the timing of events in Chapter 12 are different than Chapter

---

[28] See *Pelofsky*, supra, at 354, n.4 (noting that 11 U.S.C. § 1226(a) does not expressly require preconfirmation payments, but court has discretion to order such payments).

13. In Chapter 13, the debtor is required to file the plan within 30 days of the petition. 11 U.S.C. § 1321. In Chapter 12, the debtor has up to 90 days from the petition to file the plan, and the court may extend that time period. 11 U.S.C. § 1221.

Because Chapter 12 debtors make preconfirmation plan payments much less frequently than Chapter 13 debtors, and preconfirmation payments in chapter 12 may be voluntary, it is logical that § 1226(a) clarifies that in the event a chapter 12 debtor chooses to make preconfirmation payments under a proposed plan and the plan is not confirmed, the debtor must still pay the trustee's fee.

Finally, the *Evans* Court relied upon the difference in language between §§1226 & 1326 when it held 1326(a)(2) does not permit trustee's fees to be paid when a plan is confirmed. *Evans* at p. 11. In so holding, the Court stated: "[T]his Court 's interpretation gives operative effect to each statute: § 586(e)(2) directs the trustee to collect <u>and hold</u> the payments pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation, including the trustee's fee." *Id.* However, in order for the court to reconcile the two statutes in comparison to § 1226, the Court adds the words "and hold" to the § 586. The words "and hold' are not in the statute itself and evidences an unnatural definition of the term "collect.".

### The *Evans* Court Misinterprets Legislative History

In making its ruling, the *Evans* Court looked to the legislative history. The Court noted the following:

> "Section 222 conforms 11 U.S.C. 1302(A) to the fact that it is the U.S. Trustee who will have appointed the standing trustee, and not the court. 11 U.S.C. 1302(d) and (e) are stricken for this reason. Appointment and compensation of a standing trustee will be governed by 11 U.S.C. 586…

> Section 223 conforms 11 U.S.C. 1326(b) to the fact that 11 U.S.C. 586 will govern the appointment and compensation of a standing trustee, and not 11 U.S.C. 1302."

*Evans* at 14. However, while it is clear from the legislative history, to which the court cited and relied, that § 586 controls a chapter 13 Trustee's compensation, and even though § 586 is clear and unambiguous, the Court held that in cases dismissed or converted prior to confirmation § 1326(a)(2) trumped § 586(e)(2) and forbids trustee to collect her percentage fees; regardless of how long the case had been pending or the actual costs incurred by the trustee to administer the case prior to its dismissal.

### The *Evans* Court Distinguishes Cases Wherein a Disbursement is Made such as in this instant Case

In the *Evans* Court's Memorandum of Decision, the Court distinguishes the decision *In re Nardello* by noting in that case the Trustee collected funds and then disbursed them per a Court Order. The Honorable Judge Meier stated "[A]dditionally, the Trustee was not required to disburse any creditor payments like the trustee in *Nardello* prior to plan confirmation." In this instant case the Trustee has collected funds and is proposing to disburse them based on the Court order for attorney's fees. Trustee's office has administered this case for six months, received the funds, reviewed and responded to the Application for Compensation, and should be paid for her services on the disbursement. Finally, as the Court is aware, the Debtors are not objecting.

### The *Evans* Court Fails to Understand the Costs of Administration

While statutory interpretation should be sufficient for the Court to analyze this dispute, public policy further supports the underpinning of allowing the trustee's percentage fee in a case dismissed before confirmation and in particular on disbursements made in cases dismissed prior to confirmation.

The Chapter 13 trustee has a multitude of mandatory responsibilities in every single case, regardless of whether the plan is confirmed or not. Under 11 U.S.C. § 1302, the trustee shall appear and be heard at hearings involving property valuation and plan confirmation. 11 U.S.C. § 1302(b)(2). The trustee is obviously responsible for all moneys received or to be received. 11 U.S.C. § 1302(b)(3). The Trustee is to advise and assist the debtor, other than on legal matters, in regards to plan performance. 11 U.S.C. § 1302(b)(4). The trustee is required to ensure that the debtor commences making timely payments under § 1326. 11 U.S.C. § 1302(b)(5). If there is a domestic support obligation, the trustee is required to issue certain notices to the creditor. 11 U.S.C. § 1302(b)(6), (d). If the debtor is engaged in business, the trustee has certain responsibilities as outlined in Chapter 11. 11 U.S.C. § 1302(c).

Further, § 1302(b)(1) provides that the trustee has additional specific mandatory responsibilities found in § 704(a), which include being accountable for all properties received (§ 704(a)(2)); ensure that the debtor performs the § 521(a)(2)(B) intentions (§ 704(a)(3)); investigate the financial affairs of the debtor (§ 704(a)(4)); examine proofs of claim and object when a claim is improper, if a purpose would be served (§ 704(a)(5)); if advisable, oppose the debtor's discharge (§ 704(a)(6)); furnish estate administration information to requesting parties in interest (§ 704(a)(7)); and make a final report and final account of the estate's administration (§ 704(a)(9)).

All Chapter 13 trustees incur significant expenses in every case regardless of whether a plan is confirmed. In this case, Debtors' Counsel recognizes that Trustee assists debtors in trying to propose a confirmable plan that satisfies the requirements of the bankruptcy code. While not all chapter 13 cases result in a confirmable plan, the majority of Debtors benefit from the time spent in the case.

Trustee and the United States Trustee both asserted that if Chapter 13 trustees were not paid their fees on cases dismissed prior to confirmation that "the costs of administering cases in which no plan is confirmed would be borne by the debtors whose plans are confirmed and debtors in cases in which no plans are confirmed would obtain benefits at no cost." *Evans* at 17. The *Evans* Court stated that '[T]he Court is unpersuaded by this argument." *Id.* The court went on to find that since Trustee's fees are statutorily capped by § 586(e)(1) that "[T]he cap is set for each individual case being handled by the Trustee. There is no cumulative fee that is shared by all debtors under both confirmed and unconfirmed plans." *Id*. The Court's finding is clearly incorrect.

Although standing trustees do not operate a for-profit enterprise, they are still running a business. With that comes certain fixed and non-fixed expenses such as rent, labor, insurance, Trustee's bond, phone and internet services, software, shredding, storage, security and a myriad other regular and ordinary expenses. Although the Trustee's percentage fee is capped at no more than 10% of plan payments, it is based on the reasonable and approved needs of the Trustee's office. If the cost for operating the Trustee's office is shared by all debtors who have cases being administered by the Trustee, the percentage fee charged to each debtor is reduced. On the other hand, if the debtors who dismiss cases prior to confirmation do not have to pay a share, then clearly the debtors with confirmed plans have to cover that share.[29] Therefore, to state that "[t]here is no cumulative fee that is shared by all debtors under both confirmed and unconfirmed plans" demonstrates a lack of understanding of how a Chapter 13 Trustee's office is funded.

## CONCLUSION

---

[29] Trustee notes that prior to April 2020, her percentage fee was less than 10% and had been less than 10% since 2012. In April 2020, the United States Trustee approved an increase to 10%.

**19-01424-TLM | In re Harmon**
**TRUSTEE'S BRIEF IN SUPPORT OF HER MOTION TO RECONSIDER**
**DENIAL OF TRUSTEE'S FEES ON PRECONFIRMATION DISBURSEMENTS**          Page 13

WHEREFORE, Trustee asserts that the *Evans* Court incorrectly finds that Chapter 13 Trustees are not entitled to their statutory fees in cases dismissed prior to confirmation. Since the *Evans* decision is the basis for this Court striking the provision in the Order allowing for trustee's fees on the disbursement in this case, Trustee requests that the Court reconsider it's ruling and allow her fees on the disbursement. In the alternative, trustee requests that the court find that *Evans* held that Trustees are entitled to fees in cases where the Trustee makes a disbursement in cases dismissed prior to confirmation.

DATED: June 16, 2020

/s/ Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JOHN O. AVERY
Attorney at Law
joa@averylaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

DOUGLAS JEROME HARMON
CHRISTINE RENNA HARMON
2333 N. PAWNEE LANE
BOISE, ID 83704


                    /s/ Kathleen McCallister
                    **Kathleen McCallister**